NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE PRYCE,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>Respondent. | Civil Action No. 18-3501 (SRC)<br><br>OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a habeas petition pursuant to 28 U.S.C. § 2241, asserting that his continued detention under § 1226(c) without an individualized bond hearing is an unconstitutional violation of due process under the Fifth Amendment. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## II. FACTUAL BACKGROUND

Petitioner has been in ICE custody since June 22, 2017, and is currently detained at the Essex County Detention Center, Newark, New Jersey. (ECF No. 7-2, Declaration of Deportation Officer Edwin Gonzalez (and accompanying Exhibits), at ¶ 3.) Petitioner is a native and citizen of Jamaica who entered the United States at New York, New York, on April 12, 2003 as a

1

Conditional Resident. (*Id.* at ¶ 4.) His status was adjusted to that of a lawful permanent resident on February 6, 2007 under section 245 of the Immigration and Nationality Act (Act). (*Id.*)

On May 15, 2008, Petitioner was arrested in the Township of Hamilton, New Jersey, for drug offenses. (*Id.* at ¶ 5.) On March 3, 2010, Petitioner was convicted in the Superior Court of New Jersey, Mercer County, for distributing, dispensing, or possessing with intent to distribute a controlled dangerous substance, marijuana, on or within 1,000 feet of school property, in violation of N.J.S.A. § 2C: 35-7. (*Id.* at ¶ 7.)

On June 22, 2017, ICE took Petitioner into custody outside of his residence. (*Id.* at ¶ 8.) On or about June 27, 2017, DHS filed a Notice to Appear with the Immigration Court at Elizabeth, New Jersey, dated June 22, 2017, served on Petitioner on June 22, 2017, charging him with being removable from the United States pursuant to Section 212(a)(2)(A)(i)(II) of the Act, as amended, in that he was an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802)). (*Id.* at ¶ 9.)

On February 28, 2018, an Immigration Judge denied Petitioner's application for relief from removal. The Immigration Judge ordered Petitioner removed to Jamaica in a written decision issued from the Immigration Court in Elizabeth, New Jersey. (*Id.* at ¶ 10.)

Petitioner filed the instant Petition on March 13, 2018, and seeks a bond hearing before an immigration judge. (ECF No. 1.) On March 30, 2018, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") (ECF No. 7-2, Gonzalez Decl. at ¶ 11.) During the pendency of this matter, the BIA denied Petitioner's appeal, and Petitioner subsequently filed a

petition for review with the Third Circuit Court of Appeals. On September 25, 2018, the Third Circuit issued a stay of removal in connection with that petition for review. (*See* PACER App. No. 18-2823). Petitioner's petition for review before the Third Circuit remains pending.

## III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Petitioner was arrested and detained by Immigration & Customs Enforcement ("ICE") on June 22, 2017. Petitioner has now been detained for nearly two years under INA § 236(c), 8 U.S.C. § 1226(c). Petitioner is considered to be in "pre-order removal immigration detention" because he has been granted a stay of removal by the Third Circuit, and his petition for review is ongoing. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012.) Therefore, Petitioner is still subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

The government asserts that Petitioner's continued detention without an individualized bond hearing is authorized by 8 U.S.C. § 1226 and points to the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), which abrogated, at least in part, the Third Circuit's prior precedents in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). Petitioner argues that the constitutional analyses of *Diop* and *Chavez-Alvarez* survive *Jennings*, and that his continued

detention under § 1226(c) without an individualized bond hearing is an unconstitutional violation of due process under the Fifth Amendment.

The Supreme Court first considered the constitutionality of prolonged detention pursuant to § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003). There, the Court determined that the statute was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the Board of Immigration Appeals ("BIA"), detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore* it was clear that detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

Subsequently, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit applied the principle of constitutional avoidance to § 1226(c), and "conclude[d] that the statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Because the Third Circuit did "not believe that Congress intended to authorize prolonged, unreasonable detention without a bond hearing," it determined that § 1226(c) must be read to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length [and the statute]

yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose" when this "implicit limitation" is exceeded. *Id.* at 235. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234; *see also Dryden v. Green*, 321 F.Supp.3d 496, 499–500 (D.N.J., 2018) (explaining same).

Subsequently, in *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. *Id.* at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." [1] 783 F.3d at 478.

In *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), the Supreme Court reversed the Ninth Circuit holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See*

---

[1] On the issue of bad faith, the court acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that *Chavez–Alvarez* did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

5

*Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden*, 321 F.Supp.3d at 501 (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Courts in this District, however, have found "[t]he constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims." *See Dryden*, 321 F. Supp. 3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower courts grappling with Post-*Jennings* challenges to prolonged detention under § 1226(c), it recently stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the

reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)).

Here, Petitioner has been detained for nearly two years and argues that his continued detention under § 1226(c) without a bond hearing is an unconstitutional violation of due process under the Fifth Amendment. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The government acknowledges that Petitioner still may make an as-applied challenge to his prolonged detention, but argue in its initial briefing that Petitioner's detention had not become unreasonably prolonged and notes that his protracted detention is the result of Petitioner's challenge to his removal. (ECF No. 7, Answer at 12-15.)

The length of Petitioner's detention well exceeds the outer time limitation of one year set forth in *Chavez-Alvarez*.[2] As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See, e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4

---

[2] Some courts in this District have found that the outer limit of detention in *Chavez-Alvarez* does not govern reasonableness post-*Jennings*, even where there has been no showing of Petitioner's bad faith. In *Dryden v. Green*, 321 F. Supp. 3d at 502, for example, the District Court found that detention for slightly over a year did not support a finding that § 1226(c) is unconstitutional as applied to Petitioner where the majority of the delay in Petitioner's immigration results is directly attributable to Petitioner's own delay in acquiring counsel and ultimately filing his petition for relief, and the remaining delay was not the result of any apparent inaction or unreasonable delay on the part of the Government. *Id.*; *see also Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018).

(D.N.J. Aug. 7, 2018) (19 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J. Feb. 27, 2019) (finding that detention for fourteen months that is largely the result of his own requests for continuances or other delays in his proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for nearly two years, well beyond the one-year outer limit set forth *Chavez-Alvarez*. The government has not argued that Petitioner is acting in bad faith or lacks viable challenges to his removal. Because Petitioner has been detained well beyond the outer limit set forth in *Chavez-Alvarez* and there is no evidence of Petitioner's bad faith, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).

### IV. CONCLUSION

For the reasons explained in this Opinion, this Court grants Petitioner's habeas petition and directs the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days. An appropriate order follows.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 14, 2019.